NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONARCH LIFE INSURANCE COMPANY, )<br>)<br>) Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL. J. SENIOR, )<br>)<br>Defendant. )<br>) | Civil No. 06-559 (JLL)<br><br>**O P I N I O N** |

**LINARES,** District Judge.

This matter comes before the Court on Plaintiff Monarch Life Insurance Company's ("Monarch" or "Plaintiff") motion to dismiss Counts I and II of Defendant Michael J. Senior's ("Plaintiff" or "Senior") counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff is an insurance company organized, and with its principal place of business, in Massachusetts. (Compl. ¶ 1). Defendant is a citizen of New Jersey. (Compl. ¶ 2). On or about September 14, 1989 Plaintiff issued Defendant an individual disability income policy bearing policy number 2001667 (the "Policy"). (Compl ¶ 9). On or about May 1, 1995, Defendant allegedly became disabled from fulfilling the duties of his occupation as a pepper commodities

trader. (Compl. ¶ 11). Defendant filed a claim for benefits under the Policy "citing Organic Brain syndrome, depression, memory deficits and decreased attention span." (Compl. ¶ 11). Since the conclusion of the 60-day Elimination Period, Defendant has been receiving $10,080 per month since on or about July 1, 1995. (Compl. ¶ 13). Plaintiff alleges that it has been paying Defendant "under a reservation of rights pending its determination as to whether Defendant Senior was totally disabled under the terms of the Policy." (Pl. Br. at 2). Plaintiff claims that independent medical evaluations of Defendant conducted in 2002, 2004, and 2005 showed that Defendant was not actually disabled under the Policy's terms. (Id.). Plaintiff however acknowledges that it continued to provide Defendant with benefits during this time period. (Id.).

Plaintiff filed a Complaint in this matter on February 6, 2006. Count I of the Complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that Defendant's claim for disability benefits is not covered by the Policy and that Plaintiff is not obligated to pay benefits to Defendant under the Policy as of November 30, 2004, along with attorney's fees and costs. (Compl. ¶¶ 14-22). Count II of the Complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that Defendant's claim for disability benefits is not covered by the Policy as of June 30, 2005 and that Plaintiff is not obligated to pay benefits to Defendant under the Policy as of June 30, 2005 along with attorney's fees and costs. (Compl. ¶¶ 23-29). Count III of the Complaint seeks restitution of all benefits paid to Defendant under the Policy since November 30, 2004 in the present amount of $151,200 and restitution from Defendant in the amount of $5,205.66 for Plaintiff's waiver of Defendant's premium payments. (Compl. ¶¶ 30-35). Alternatively, Count III seeks restitution from Defendant in the amount of $60,480 and $2,602.83 should this Court determine that Defendant is disabled from his occupation but not

disabled from any reasonable occupation.  (Compl. ¶ 35).

Defendant filed an Answer and Counterclaim on April 12, 2006.  Count I of the Counterclaim alleges a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("NJCFA").  (Counterclaim ¶ 82).  In this count, Defendant alleges that Plaintiff has committed unconscionable commercial practices in connection with the marketing, advertisement, sale, and performance of the Policy which violate the NJCFA.  (Counterclaim ¶ 83).  Defendant seeks treble damages, interest, attorney's fees, and costs in conjunction with this claim.  Count II of the Counterclaim sets forth a claim for common law fraud in which it is alleged that Plaintiff made misrepresentations of material fact in conjunction with the marketing, advertisement, sale, and performance of the Policy upon which Defendant relied.  (Counterclaim ¶¶ 87-89).  Defendant seeks compensatory and punitive damages, interest, attorney's fees and costs in conjunction with this claim.[1]

Plaintiff now moves to dismiss Counts I and II of the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Gomez v. Toledo, 446 U.S. 635, 636 n.3 (1980); Robb v. Philadelphia, 733 F.2d 286, 290 (3rd Cir. 1984).  However, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look to the record.  See Jordan v. Fox, Rothschild,

---

[1]Defendant also alleges two other claims in his Counterclaim.  However, Plaintiff does not move to dismiss such claims and as such, these claims need not be discussed herein.

O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

Claims should be dismissed under Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Though a court must take as true all the facts alleged, it may not "assume that the [plaintiff] can prove any facts that it has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  Further, on a 12(b)(6) motion, a court shall properly reject any "conclusory recitations of law" pled within the complaint.  Pennsylvania v. PepsiCo, Inc., 836 F.2d 173, 179 (3rd Cir. 1988).

A claim may be dismissed for failure to state a claim "where it appears beyond any doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations." Doe v. Div. of Youth & Family Servs., 148 F. Supp. 2d 462, 481 (D.N.J. 2001) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Further, legal conclusions made under the guise of factual allegations are given "no presumptions of truthfulness." Doe, 148 F. Supp. 2d at 481 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## DISCUSSION

**A.     Count I**

### 1.     Failure to State a NJCFA Claim

Plaintiff argues that Count I of the Counterclaim should be dismissed because Defendant "fails to identify any misrepresentations or misstatements of then-existing material fact which allegedly induced him to purchase the Policy." (Pl. Br. at 1).  Plaintiff also seeks dismissal of this claim because Defendant fails to identify any person who allegedly made any

4

misrepresentations.  Plaintiff further argues that Count I must be dismissed because the NJCFA does not apply to insurance claims handling and claims decisions.

In the Counterclaim, Defendant alleges that neither Plaintiff nor its agent advised Defendant "that benefits under the policy, if any, could be paid under a reservation of rights." (Def. Br. Opp'n at 2).  Defendant alleges that he would not have purchased the Policy had he been advised that Plaintiff possessed the right to pay benefits with a reservation of rights.  (Id.). Defendant maintains that there is no language in the Policy to this effect, nor was Defendant ever advised that Plaintiff could add terms to the Policy.  (Id.).

Defendant argues that his consumer fraud claim should not be dismissed because the allegations contained in the Counterclaim are sufficient to state a NJCFA claim.  Specifically, Defendant alleges that his NJCFA claim is "premised on Monarch's failure to disclose that it retained the right to pay benefits under a reservation of rights."  (Pl. Br. Opp'n at 6).  Defendant claims that he did not know that Monarch had the right to assert a reservation of rights on benefits paid, and if he had, he alleges that had he "would have declined disability insurance with MONARCH."  (Counterclaim ¶ 8).  Defendant also sets forth a variety of other alleged misrepresentations and omissions set forth in ¶ 83 of the Counterclaim which Defendant argues constitute a proper basis for a NJCFA claim.  Defendant claims that the following constitute unconscionable commercial practices:

- Misrepresenting the proofs necessary for entitlement to benefits under Policy # 2001667;
- Misrepresenting and falsely advertising the terms of the Policy;
- Publicizing general false information and engaging in general false advertising;
- Misrepresenting pertinent facts or provisions of the Policy relating to the coverage at issue;

5

- Failing to include a term in its policy establishing the right to pay SENIOR benefits under a reservation of rights;
- Failing to inform SENIOR during the marketing, advertisement or sale of the policy that MONARCH may pay benefits under a reservation of rights;
- Intentionally asserting a reservation of rights to benefits paid to SENIOR during some period of time from July, 1995 to the present despite knowledge that he was entitled to such benefits without such a qualifier;
- Intentionally failing to promptly advise SENIOR of the factual basis for its payment of benefits under a reservation of rights;
- Failing to provide any details other than a form paragraph in letters to SENIOR to explain to him that his benefits were being paid but could be later reclaimed by MONARCH;
- Acting in such a manner during the years 1995-2005 to cause SENIOR to reasonably believe that MONARCH had relinquished any right to reimbursement of disability benefits paid to SENIOR;
- Intending that SENIOR would rely on MONARCH's misrepresentation in the payment of benefits;
- Unreasonably seeking to recover from SENIOR benefits that were paid and premiums that were waived;
- Unreasonably seeking to terminate benefits and recoup past benefits without having any evidence substantial or otherwise, supporting their decision to do so;
- Failing to act in accordance with its representations in terms of the coverage under the policy;
- Failing to advise SENIOR that his proof of claim was not sufficient to entitle him to benefits;
- Seeking reimbursement of benefits without being entitled to the protection of a reservation of rights;
- Seeking reimbursement of benefits when SENIOR did not accept the benefit payments under a reservation of rights;
- Seeking reimbursement of benefits when there was no implied agreement between the parties for later reimbursement by SENIOR;
- Seeking reimbursement of benefits without reserving its right to a continuing review of SENIOR's claim;
- Seeking reimbursement of benefits when the payment of monthly benefits to SENIOR did not constitute a waiver of the policy provisions;
- Seeking reimbursement of benefits when MONARCH voluntarily paid monthly benefits to SENIOR;
- Seeking reimbursement of benefits when SENIOR expressly refused to consent to the reservation of rights;
- MONARCH's conduct in connection with the marketing, advertisement, sale and performance of Policy # 2001667 in violation of N.J.S.A. 56:8-1, et seq..

(Id. ¶ 83).  Additionally, Defendant argues that Count I directly arises out of the sale, marketing, or advertisement of the Policy, not from any later claims handling decision, and thus constitutes a proper claim pursuant to the NJCFA.

The NJCFA protects consumers against unethical practices and dealings in the marketing of merchandise and real estate.  Lemelledo v. Beneficial Mgmt Corp. of America, 150 N.J. 255, 263 (1997).  Moreover, the statute has been construed to apply to wrongdoing in association with the sale of insurance policies.  Id. at 265.  To prevail on any type of claim under the Consumer Fraud Act, a private plaintiff must show (1) a violation of the Act; (2) an ascertainable loss as a result of the unlawful conduct; and (3) a causal relationship between the unlawful practice and the loss sustained by plaintiff.  See Weinberg v. Sprint Corp., 173 N.J. 233, 249 (2002); Daaleman v. Elizabethtown Gas Co., 77 N.J. 267, 271 (1978).  The NJCFA is to be applied broadly in light of its remedial purpose and construed liberally in favor of the consumer.  See, e.g., Scibek v. Longette, 339 N.J. Super. 72, 78 (App.Div. 2001).

N.J.S.A. 56:8-19, the provision cited by Defendant, provides a cause of action for individual consumers upon a violation of the NJCFA.  56:8-19 states:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

Count I of the Counterclaim alleges that Plaintiff has committed unconscionable

commercial practices in violation of the NJCFA. The relevant portion of the NJCFA, provided at N.J.S.A. 56:8-2, prohibits any:

> act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . or with the subsequent performance of such person as aforesaid.

N.J.S.A. 56:8-2.[2] The standard of conduct contemplated by the unconscionability clause is "good faith, honesty in fact and observance of fair dealing." Assocs. Home Equity Servs., Inc. v. Troup, 343 N.J. Super. 254 (App.Div. 2001).

The Court must first determine whether Defendant has alleged the existence of an unlawful practice. Weinberg, 173 N.J. at 249. However, the Court is unable to determine whether Count I of the Counterclaim alleges a violation of the NJCFA based upon an alleged omission or a misrepresentation. This is an important distinction because when a party alleges that an omission forms the basis for a NJCFA claim, the party must allege and prove intent to defraud. Cox v. Sears Roebuck & Co., 138 N.J. 2, 17-18 (1994). Here, while the Defendant employs the term "misrepresentation" in the Counterclaim and brief, it appears that Defendant's NJCFA claim is based on Plaintiff's alleged failure to inform Defendant that disability benefits may be paid under a reservation of rights, and similar allegations. This allegation implicates an omission, not a misrepresentation, despite Defendant's insistence at employing the term

---

[2] The Act defines "merchandise" to include "any objects, wares, goods, commodities services or anything offered, directly or indirectly to the public for sale." See N.J.S.A. § 56:8-1(c).

"misrepresentation."

When Plaintiff filed the Complaint in this matter, Monarch attached a copy of the Policy and a copy of Defendant's initial disability claim form to the Complaint. However, upon review of these attachments, the Court notes that the copy of the Policy attached to the Complaint is missing pertinent sections. (See Attachment A to Compl.). Specifically, the section titled "Notice of Claim" is absent from the copy of the Policy attached to the Complaint, as well as Sections 2 and 3, and any others the Court may be unaware of. (See id.). It appears that the absent "Notice of Claim" section may include language referencing the reservation of rights at issue in this matter. Without a complete copy of the Policy, the Court is unable to dismiss Count I of the Counterclaim based upon Plaintiff's argument that Defendant has failed to allege the existence of an unlawful practice. Without the ability to review the entire Policy and conclusively determine whether it contains a misrepresentation, or determine whether any material fact was omitted, the Court cannot conclude that Defendant, the non-moving party, can prove no set of facts in support of his allegations which would entitle him to relief. Conley, 355 U.S. at 45-46.

While it is well-settled under New Jersey law that a NJCFA unconscionable commercial practice claim cannot be premised on Plaintiff's refusal to pay additional disability benefits, or Plaintiff's decision to seek restitution, see Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 168 (3d Cir. 1998); Kuhnel v. CNA Ins. Companies, 322 N.J. Super. 568 (App. Div. 1999), certif. denied, 163 N.J. 12, cert. denied 531 U.S. 819, 121 S.Ct. 61, 148 L.Ed.2d 27 (2000), if Defendant establishes a misrepresentation or omission made in connection with the sale, marketing, or advertising of the Policy, a NJCFA claim may lie. However, without the benefit of

a complete copy of the Policy, this Court determines that Count I of the Counterclaim cannot be dismissed at this juncture based upon Defendant's alleged failure to state a proper NJCFA claim. Without the ability to review the Policy in its entirety, the Court cannot determine whether Defendant's NJCFA claim arises out of language set forth in or omitted from the Policy or from a later claims handling decision, and thus cannot address Plaintiff's arguments on this issue. The Court is unable to determine exactly when, or if, Plaintiff notified Defendant of its reservation of rights without a complete copy of the Policy and further discovery. Accordingly, Plaintiff's motion to dismiss Count I of the Counterclaim based on Defendant's alleged failure to state a claim is denied.[3]

### 2. Statute of Limitations

Plaintiff also seeks to dismiss Count I because it is barred by the applicable statute of limitations. Since Defendant purchased the Policy in 1989, and did not file the Counterclaim until 2006, Plaintiff argues that Defendant is outside of the six-year statute of limitations for claims brought pursuant to the NJCFA. (Pl. Br. at 5). Plaintiff argues that if Defendant's NJCFA claim is truly premised upon the marketing, advertisement or sale of the Policy, then such claim is barred by the statute of limitations since the claim would necessarily have arisen in 1989 at the time Defendant purchased the Policy. (Id.).

Defendant contends that the NJCFA claim is timely asserted since the claim was not ripe until Defendant suffered an "ascertainable loss" in 2006. (Def. Br. Opp'n at 9). Thus, the claim would not be barred by the six-year statute of limitations applicable to the NJCFA. Defendant

---

[3]The Court notes that its analysis of Count I is not on the merits of Plaintiff's arguments since it is without a complete record upon which to conduct such an analysis.

claims that he did not suffer an ascertainable loss attributable to Plaintiff's unconscionable commercial practice until 2006 "when Monarch began steps to enforce the reservation of rights it had failed to disclose 16 years earlier." (Def. Br. Opp'n at 10).

Plaintiff contends that this Court should refuse to grant Defendant the benefit of the "discovery rule" since Defendant had a duty to read the Policy when it issued and is chargeable with its contents. (Pl. Br. at 6). Plaintiff further argues that any attempt by Defendant to invoke a discovery rule belies the true basis for Defendant's NJCFA claim. That is, if Defendant argues that he only discovered the unconscionable commercial practice in 2006, then the claim cannot possibly arise out of the marketing, advertisement, or sale of the Policy, and is thus not a proper NJCFA claim since it truly relates to the handling of an insurance claim. (Id.).

The statute of limitations for a claim brought pursuant to the NJCFA is six years. N.J.S.A. 2A:14-1. However, since this Court has previously determined that it is unable to determine whether Defendant's claim arises out of the sale, marketing or advertisement of the Policy, or out of a claims handling decision (see Section A(1) of this Opinion) it is accordingly unable to address Plaintiff's statute of limitations argument. Depending on a later determination by this Court as to whether, and when, Defendant's NJCFA claim arose, the statute of limitations issue may be revisited by the parties, and by this Court.[4] Plaintiff's motion to dismiss Count I of the Counterclaim is thus denied.

**B.    Count II**

---

[4]The Court notes that if Plaintiff issued a reservation of rights letter following Defendant's submission of his claim for benefits in 1995, a statute of limitations issue may exist, as well as an issue regarding the applicability of the NJCFA in general. However, since the Court is without a complete record upon which to decide these issues, they are left for another day.

11

Plaintiff also seeks to dismiss Count II of the Counterclaim. Plaintiff argues that since such claim constitutes a claim for common law fraud, and Defendant allegedly failed to plead with specificity as required by Federal Rule of Civil Procedure 9(b), such claim must be dismissed.[5] (Pl. Br. at 1). Plaintiff argues that Defendant has failed to plead with particularity since Defendant "does not refer to any specific misrepresentation or identify who made any alleged misrepresentation" in Count II of the Counterclaim. (Id. at 10). Plaintiff contends that Defendant's contentions in Count II are legal conclusions thinly veiled as factual allegations. (Id.).

Defendant contends that he has plead common law fraud with appropriate particularity. Defendant argues that he has plead his claim "with as much [specificity] as possible, given that Monarch is in possession of all of the marketing and advertising materials used for the sale of the Policy, which Monarch refused to produce." (Def. Br. Opp'n at 11).

Count II repeats and incorporates the preceding allegations of the Counterclaim and alleges that "MONARCH's acts and omissions in connection with the marketing, advertisement, sale, and performance of Policy #2001667 constitute misrepresentations of material fact." (Counterclaim ¶ 88). Defendant continues on to allege that he relied upon such acts and omissions, and has suffered damages as a result. (Id. ¶¶ 89-90). There is no further specificity provided in Count II itself, although as noted above, the count does incorporate all preceding paragraphs of the Counterclaim.

Where a plaintiff asserts a claim based on allegations of fraud, Federal Rule of Civil

---

[5]The Court notes that while the pleading requirements of Rule 9(b) apply to both NJCFA and common law fraud claims, Plaintiff has only argued 9(b) with respect to Defendant's common law fraud claim.

Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  The rule applies even to a fraud claim based on state law. Craftmatic Sec Litig. v. Kraftsow, 890 F.2d 628, 645 n. 28 (3d Cir. 1989) (citing Christidis v. First Pennsylvania Mortgage Trust, 717 F.2d 96, 99 (3d Cir. 1983).  Rule 9(b) requires greater particularity than mere notice pleading.  See Fed. R. Civ. P. 9(b); but cf. Fed. R. Civ. P. 8(a)(2). The particularity requirement of Rule 9(b) serves to place defendants on notice of the precise misconduct alleged and to "safeguard defendants against spurious charges of immoral and fraudulent behavior."  Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1986).  However, the Third Circuit has warned district courts not to overly focus on the "particularity" language in Rule 9(b) and has held that a fraud plaintiff need not allege "date, place or time" to fulfill the requirements of the Rule.  Seville, 742 F.2d at 791.  Rather, it is sufficient for a fraud plaintiff to "use alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Id.  But, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation."  Lum v. Bank of America, 360 F.3d 217, 223-24 (3d Cir. 2004) (citing Saporito v. Combustion Eng'g Co., 843 F.2d 666, 675 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049 (1989)).

Application of Rule 9(b) may be relaxed if a plaintiff alleges that necessary factual information is within the exclusive control and knowledge of the opposing party.  Naporano Iron & Metal Co. v. American Crane Corp., 79 F. Supp. 2d 494, 511 n. 27 (D.N.J. 1999) (citing Craftmatic, 890 F.2d at 645.  Nevertheless, even with relaxation of the Rule, a plaintiff must still allege that the necessary information lies within the defendant's control, with these allegations being "accompanied by a statement of facts upon which the allegations are based."  Id. (citation

omitted).

To state a claim for fraud under New Jersey law, a plaintiff must establish: (1) a material misrepresentation or omission of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity or knowing the omission to be material; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997) (citing Jewish Ctr. of Sussex County v. Whale, 86 N.J. 619, 624-25 (1981)). However, Rule 9(b) only requires a plaintiff to plead the fraud with particularity, not to plead every element of the offense with particularity. Seville, 742 F.2d at 792 n. 7.

In the Counterclaim, Defendant alleges that he was not advised by Plaintiff or its agent "before or at the time of the sale of the policy that payments made under the policy, if any, may be paid under a reservation of rights." (Counterclaim ¶ 7). According to the Counterclaim, the policy was issued effective as of October 1, 1989. (Counterclaim ¶ 8). Defendant alleges that if he had been aware that payment of benefits could be made under a reservation of rights, he would not have purchased the Policy from Plaintiff. (Counterclaim ¶ 8).

Since the Court has only been asked to conduct a Rule 9(b) analysis of this claim, and not an analysis pursuant to Federal Rule of Civil Procedure 12(b)(6), it will confine its inquiry to whether Defendant has pleaded Count II with the requisite particularity. Plaintiff argues that Defendant fails to identify the "what" and the "who" in Count II. (Pl. Br. at 10). However, at Paragraph 7 of the Counterclaim, Defendant alleges that both Plaintiff and its agent failed to disclose the existence of the reservation of rights. This statement, although brief, identifies the party at issue. Further, Defendant alleges that the Plaintiff and/or its agent withheld the

information that Plaintiff may pay benefits under a reservation of rights.  The Third Circuit has stated that a fraud plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation."  Lum, 360 F.3d at 223-24.  Here, Defendant has done just that.  The Court finds that the allegations of the Counterclaim are sufficient to place Plaintiff on notice of the precise misconduct alleged.  Seville, 742 F.2d at 791.  Nothing further is required at this juncture.

For the reasons set forth in this section of the Opinion, the Court hereby denies Plaintiff's motion to dismiss Count II of the Counterclaim pursuant to Federal Rule of Civil Procedure 9(b).

**C.     Request for Rule 26(c)(2) Protective Order**

Plaintiff requests, in the event that the Court denies its motion, in whole or in part, that it be able to depose Defendant "upon the limited issue of the facts underlying his claims of fraud prior to Monarch's production of documents to Defendant" pursuant to Federal Rule of Civil Procedure 26(c)(2).  (Pl. Br. Reply at 8).  Plaintiff states that it is concerned that Defendant, through discovery, may attempt to construct a "fraud by hindsight" claim.  (Id.).  Plaintiff wishes to prevent Defendant from "mold[ing] his testimony to the content of any documents to be produced by Monarch."  (Id. at 10).  Meanwhile, Defendant argues that Plaintiff is in possession of all of the marketing and advertising materials related to the Policy which comprise the basis of Defendant's fraud claim.  (Def. Br. Opp'n at 11).

The Court has considered Plaintiff's request, and Defendant's corresponding argument, and while cognizant of its authority to set a specific sequence for discovery pursuant to Federal Rule of Civil Procedure 26(c)(2), it declines to do so.  Instead, Plaintiff is hereby directed to make this same request to the Honorable Claire C. Cecchi, United States Magistrate Judge.  By

proceeding in this manner, Defendant will be afforded an opportunity to formally respond to Plaintiff's discovery-related requests. Accordingly, Plaintiff's request that this Court impose a discovery schedule by way of this Opinion is denied.

## **CONCLUSION**

For the reasons set forth in this Opinion, Plaintiff's motion to dismiss Counts I and II of Defendant's Counterclaim is hereby DENIED and Plaintiff's request that this Court presently impose a discovery schedule is DENIED.


DATED: December 22, 2006                          /s/ Jose L. Linares
                                                  United States District Judge